IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NAUTILUS INSURANCE COMPANY, )
)
       **Plaintiff,** )
)
       v. ) No. 05 C 3813
)
SITE RECOVERY SERVICES, INC., )
et al. )
)
       **Defendants.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Site Recovery Services, Inc.'s ("SRS") motion for reconsideration of our ruling granting Plaintiff Nautilus Insurance Company's ("Nautilus") motion for summary judgment and denying SRS's motion for summary judgment. For the reasons stated below, we deny the motion for reconsideration in its entirety.

## BACKGROUND

In the instant action, Nautilus alleged that it entered into an insurance policy ("Policy") with SRS that provided SRS with certain insurance coverage in regard to

1

SRS's demolition projects. SRS was sued in an underlying state court action regarding a demolition project and Nautilus brought the instant action, seeking a declaratory judgment contending that Nautilus does not have a duty to defend or indemnify SRS in regard to the underlying state court action. On February 28, 2006, we granted Nautilus' motion for summary judgment and denied SRS's motion for summary judgment. SRS now asks the court to reconsider its prior ruling.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp. v. Resolution Trust Corp.* 49 F.3d 1263, 1267 (7th Cir. 1995)(quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court . . . ." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

If a party does not file the motion for reconsideration within ten business days

"after entry of judgment[, it] automatically becomes a Rule 60(b) motion." *Talano v. Northwestern Med. Fac. Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001)(quoting *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994)); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)(holding that "motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)"); Fed R. Civ. P. 6(a). Federal Rule of Civil Procedure 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken . . . .

Fed. R. Civ. P 60(b). A court should grant a Rule 60(b) motion *"*only in exceptional circumstances" because "[r]elief under Rule 60(b) is an extraordinary remedy . . . ." *Talano,* 273 F.3d at 762(quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)).

## DISCUSSION

In our ruling on February 28, 2006, granting Nautilus' motion for summary

3

judgment, we referred to an exclusion provision ("Unscheduled Demolition Endorsement") of the Policy that was added by an endorsement to the Policy. The endorsement excluded insurance coverage unless SRS "specifically schedule[d]" a demolition project "in the Declarations or add[ed] [the project] by endorsement prior to the start of the demolition project." (Pol. End. S105, 04/99). We also noted in our prior ruling that Nautilus had argued that coverage under the Policy was excluded under the Unscheduled Demolition Endorsement. In its response to Nautilus' motion for summary judgment, SRS failed to even argue that the demolition project in question was scheduled in the declarations of the Policy or added by endorsement, and no exhibit was provided by either side that showed that such scheduling or endorsement had occurred. We granted Nautilus' motion for summary judgment because Nautilus pointed to evidence that showed the existence of the Unscheduled Demolition Endorsement and in light of the absence of any evidence showing that SRS complied with the endorsement. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (explaining that a movant can point to the absence of evidence to support the non-movant's position). In SRS's answer to Nautilus' motion for summary judgment, SRS also acknowledged that the Unscheduled Demolition Endorsement was currently an operative part of the Policy, when it argued that the endorsement should not be enforced due to its ambiguous nature. (Ans. N SJ 7-8).

SRS claims in its motion for reconsideration that "Vince Miller, President of SRS, has continued to review the numerous endorsements and declarations Nautilus

issued to SRS during the effective dates of the Policy that were to be included in the Policy [and that] [o]n March 6, 2006, Vince Miller discovered Endorsement #45, an endorsement which Nautilus issued to SRS to be incorporated into the Policy." (Mot. 3). SRS contends that this newly discovered endorsement ("Endorsement 45") states that the Unscheduled Demolition Endorsement was deleted from the Policy. Accordingly, SRS moves to reconsider the court's prior ruling under Rule 59(e) or, in the alternative, under Rule 60(b). (Mot. 1).

I. Rule 59(e) Motion

SRS claims that Endorsement 45 is newly discovered evidence. We disagree. Newly discovered evidence is evidence that comes to light after a court's ruling and is evidence that a party, for some legitimate reason, was not aware of at the time of the court's ruling. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999)(stating that newly discovered evidence is evidence that could not have been discovered before if movant had exercised due diligence). Nowhere in SRS's motion does SRS indicate that it did not possess a record of Endorsement 45 since this litigation began. In fact, SRS's President Vince Miller ("Miller") admits in his affidavit that although he discovered Endorsement 45 in March 2006, SRS's insurance agent sent him a copy of Endorsement 45 in January 2005. (Miller Aff. Par. 3-4). SRS also does not offer any explanation for its failure to discover sooner that it had in its possession a copy of Endorsement 45, nor does SRS show why such

5

a failure should be excused. Miller merely states in his affidavit that he recently "discovered" the endorsement, and SRS asserts in its motion that Miller discovered the endorsement while he "continued to review" the Policy documents. (Miller Aff. Par. 3)(Mot. 3).

As is indicated above, a party cannot use a Rule 59(e) motion as a vehicle to introduce evidence for the first time that could have been previously presented to the court. *Moro,* 91 F.3d at 876; *see also, e.g., Harrington v. City of Chicago*, 433 F.3d 542, 545-50 (7th Cir. 2006)(stating that "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures"). SRS has not shown that it could not have presented its evidence concerning Endorsement 45 prior to the court's ruling on the summary judgment motions, nor has SRS shown that the court made any mistake, given the evidence presented by the parties. Therefore, we deny SRS's motion for reconsideration to the extent that it is based upon Rule 59(e).

II. Rule 60(b) Motion

SRS seeks, in the alternative, to proceed under Rule 60(b). Rule 60(b) provides for the reconsideration of a court's order based upon occurrences such as "mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . . " Fed. R. Civ. P. 60(b).

As is explained above, Endorsement 45 does not constitute newly discovered

6

evidence since it was in the possession of SRS at the inception of this action. There also has not been any showing by SRS that its failure to discover the endorsement until after the court's prior ruling was due to inadvertence, surprise, or excusable neglect on SRS's behalf. SRS claims that Nautilus did not mention the Unscheduled Demolition Endorsement in its complaint, but there is nothing in the law that required Nautilus to do so at the pleadings stage in order to state a valid claim before this court. SRS should have been put on notice in June 2005, when Nautilus sought its declaratory judgment concerning the Policy, that all of the records SRS possessed regarding the Policy were important. SRS was put on further notice of the specific importance of the endorsements to the Policy on December 5, 2005, when Nautilus argued in its memorandum in support of its motion for summary judgment that coverage was excluded under the Unscheduled Demolition Endorsement. (N SJ Mem. 5). Despite being informed of the importance of the Unscheduled Demolition Endorsement and all of the Policy documents in general, SRS did not present the court with Endorsement 45 until March 9, 2006, after our ruling on summary judgment. SRS's conclusory statement that it just recently discovered the endorsement does not provide a justification to reopen this case. *See Easley v. Kirmsee*, 382 F.3d 693, 696, 700 (7th Cir. 2004)(affirming district court's denial of a Rule 60(b) motion where the district court denied the motion because "all the arguments and evidence" presented by the plaintiff "were available during the briefing period for the summary judgment motions").

7

SRS admits to possessing a copy of Endorsement 45 at the time of the briefing on the summary judgment motions and, thus, the reasons for the delay in presenting it to the court were within the control of SRS. (Mot. 3); (Miller Aff. Par. 3-4). Also, if this case were to be reopened, significant delays and additional costs would be incurred because the parties would need to prepare new briefing for the dispositive motions, which already occurred once in this action several months ago.

SRS's failure to discover its copy of Endorsement 45 could be characterized as a mistake by SRS, but in order for the court to vacate its earlier ruling, SRS must show that such a mistake was the result of extraordinary circumstances. *Harrington*, 433 F.3d at 545-50. SRS merely indicates that its President happened to come across the copy of Endorsement 45 when reviewing Policy documents, and SRS has offered no reason to show that there were extraordinary circumstances that prevented him from looking for this document earlier. Thus, SRS is not entitled to relief simply because of its own mistake in not presenting Endorsement 45.

SRS also argues that it was somehow deceived by Nautilus because Endorsement 45 fell within the scope of SRS's discovery requests to Nautilus and Nautilus did not provide a copy of Endorsement 45 to SRS. However, SRS cannot complain that there was some unfairness due to Nautilus' failure to provide SRS with a copy of Endorsement 45. SRS has not provided any evidence showing that Nautilus intentionally concealed the existence of Endorsement 45 from SRS, and SRS itself acknowledges that it already possessed a copy of Endorsement 45. (Mot.

3-4); (Miller Aff. Par. 3-4). The fact that SRS was not aware of the endorsement for some undisclosed reason and did not discover Endorsement 45 until now is not the fault of Nautilus. In addition, according to SRS, Endorsement 45 was an amendment to the Policy and thus SRS was necessarily a party to that Endorsement. SRS's argument that it did not have notice of an agreement that SRS itself entered into with Nautilus is not a reasonable argument. *See Florsheim v. Travelers Indem. Co. of Ill.*, 393 N.E.2d 1223, 1231 (Ill. App. Ct. 1979)(stating that an "insured is charged with notice of the contents of the insurance policy"). It is not as though SRS is an unsophisticated layperson who might not have kept a record of the endorsement. SRS is a commercial business and is expected to keep records of all agreements that it enters into in the course of its business. The vacation of an order pursuant to Rule 60(b) is "an extraordinary remedy that is granted only in exceptional circumstances" and SRS has failed to show that there are exceptional circumstances in the instant case that would warrant a vacation of our prior order. *Harrington*, 433 F.3d at 545-50.

We also note that Nautilus is entitled to finality in this action. *See Wilson v. Potter*, 2006 WL 623600, at *3 (N.D. Ind. 2006)(stating that "[i]n assessing whether relief is appropriate, the court must balance the competing policies of determining cases on their true merits against the desire to preserve *res judicata* and achieve finality in litigation"). It cannot be presumed that the examination of Endorsement 45 will resolve all issues in this litigation, or even the issues concerning the

Unscheduled Demolition Endorsement, and if we were to reopen this action, further litigation will necessarily follow. Nautilus should not be required to reappear and start anew in this action after the case has been concluded. Finally, a vacation of an order pursuant to Rule 60(b) "is essentially equitable in nature and is to be administered upon equitable principles." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984). Under the general principles of equity and fairness, it would not be just to allow SRS to restart this litigation and force the parties to undergo a new series of dispositive motions when SRS could and should have produced the copy of Endorsement 45 long ago in this litigation. Thus, the equities favor Nautilus. A Rule 60(b) motion offers only a limited opportunity to litigants to correct mistakes that occurred for some extraordinary reason. Rule 60(b) does not afford a party an opportunity to undo every misstep it makes before a district court and take a second bite at the apple. Therefore, we deny SRS's motion for reconsideration that it is based upon Rule 60(b).

## CONCLUSION

Based on the foregoing analysis, we deny SRS's motion for reconsideration in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 21, 2006

10